

U.S. Department of Justice

United States Attorney
Eastern District of New York

MKM:MKP/TH
F. #2017R01840

271 Cadman Plaza East
Brooklyn, New York 11201

December 14, 2018

By ECF

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Bronfman, Russell, et al.
     Criminal Docket No. 18-204 (NGG) (S-1)

Dear Judge Garaufis:

  The government respectfully submits this letter in accordance with the Court's December 12, 2018 order directing it to submit revised proposed non-association conditions of pretrial release for the defendants Clare Bronfman and Kathy Russell.

  The Court previously entered, in substance, the following condition of pretrial release (the "no-contact condition") as to the defendants:

> [The defendants] may not directly or indirectly associate or have contact with—except in the presence of her attorneys—current or former employees of, or independent contractors for, NXIVM (including any and all affiliated entities) [the "Employment Condition"], any individual that she knows to be a current or former member of DOS, or any individual who is currently, or was formerly, on the Stripe Path [the "Stripe Path" Condition], subject to reasonable exceptions agreed upon by the parties.

(See 8/21/2018 Minute Entry.)

 I. <u>The Stripe Path Condition</u>

  As the Court is aware, the "Stripe Path" referred to in the no-contact provision is the means of advancement within Nxivm. Nxivm's members were provided with colored sashes, to be worn around the neck, signifying their rank and position within Nxivm. Lower-

ranking members, such as students or coaches, wore white and yellow sashes, respectively. Higher-ranking members who were eligible to receive a salary or commissions from Nxivm were given the title "Proctor" or "Senior Proctor" and wore orange and green sashes, respectively. Members who had achieved the title of "Counselor" or "Senior Counselor" wore blue and purple sashes, respectively. Rank within Nxivm was also denoted by means of "stripes," which were added to a member's sash until he or she earned a sash of another color.

As alleged in the superseding indictment, Raniere and an "inner circle" of individuals, including the defendants, comprised an organized criminal enterprise that engaged in various criminal activities with the aim of promoting Raniere and recruiting others into Nxivm and DOS for financial and personal benefits. The indictment alleges that members of the enterprise, including the defendant, generally held high-ranking positions in Nxivm and in DOS. For this reason, and as set forth in the government's previous letters regarding its non-association provisions, rank within Nxivm is a reasonable proxy in identifying categories of individuals who are likely to be co-conspirators or witnesses in this case.

The government has enclosed, under separate cover, a list of individuals identified as Nxivm "coaches" as of March 2017 ("the Coach List").[1] The Coach List contains the names of 309 Nxivm members[2] who have achieved the rank of coach (yellow-sash) or higher, organized by rank, and thus have information relevant to the charges in the Indictment. The government proposes replacing the Stripe Path Condition with a condition prohibiting contact with individuals on the Coach List, which consists of named defendants, co-conspirators and potential witnesses, and submits that this condition is necessary to assure the safety of the community and the integrity of the trial process. Moreover, any First Amendment concerns are balanced by the fact that defense counsel can seek exceptions from this list. Notably, a number of the individuals who were on the Stripe Path who the government has previously consented to the defendants' association with, are not on the Coach List.

II.   The Employment Condition

The government proposes replacing the "Employment Condition" with a condition prohibiting the defendants from associating with any individual that they know or believe to have been employed by or to have worked as independent contractors for Nxivm, or an affiliated entity, in the capacity of bookkeeping, accounting or video editing or for whom a visa was sought based on an affiliation with a defendant, Nxivm, or an affiliated

---

[1] This list was sent by email from one of the defendants' co-conspirators ("CC1") to another ("CC2") on March 9, 2017. The title of the spreadsheet was "Coach list for [CC2]." The names of both CC1 and CC2 appear on the list. The list was produced to defense counsel, Bates-numbered NXIVM00018657, on November 24, 2018.

[2] Two of the individuals listed are dead and one is listed twice.

entity. The Superseding Indictment includes charges and racketeering acts involving financial crimes, video editing and immigration violations, placing limited restrictions over the defendants' contact with individuals who were employed in the above ways is therefore necessary to protect witnesses and the integrity of the case.

III.   Conclusion

For the reasons set forth here and in its previous letters, the government respectfully requests that the Court order the defendants not to directly or indirectly associate or have contact with—except in the presence of attorneys—any of the following categories of individuals: (1) individuals listed on the Coach List, (2) individuals that the defendants know or believe to be current or former members of DOS, (3) individuals that the defendants know or believe to have been employed by or to have worked as independent contractors for Nxivm, or an affiliated entity, in the capacity of bookkeeping, accounting or video editing, or for whom a visa was sought based on an affiliation with a defendant, Nxivm, or an affiliated entity.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:   /s/
Moira Kim Penza
Tanya Hajjar
Assistant U.S. Attorneys
(718) 254-7000

cc: Counsel of Record (by ECF)