

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MKM:TH/MKP/KMT
F. #2017R01840

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 11, 2019

<u>By Hand and ECF</u>

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Keith Raniere, <u>et al.</u>
      Criminal Docket No. 18-204 (NGG) (S-1)

Dear Judge Garaufis:

   The government respectfully submits this letter to advise the Court of its position regarding the trial date and pretrial motion schedule currently set in the above-captioned case. On January 10, 2018, defendants Bronfman, Nancy Salzman and Kathy Russell (the "movants") filed a joint motion for severance in which their attorneys expressed "grave concerns that the March date is not feasible, and that they do not have sufficient time to prepare for trial in a manner consistent with their ethical obligations to their clients." (DE 276 at 23). Given this representation by counsel that they require additional time to prepare for trial, as well as the agreement of all parties and the Court that the case is complex, the government submits that it would be appropriate for the Court to adjourn of the current trial date.

   The movants cite defendant Raniere's refusal to consent to an adjournment of the trial date as a reason severance is appropriate, but a co-defendant's consent is not required for an adjournment that will serve the ends of justice. <u>See</u> 18 U.S.C. § 3161(h)(6) and (7). The government further notes, as it will set forth in more detail in its opposition brief to the severance motions, "there is a preference in the federal system for joint trials of defendants who are indicted together." <u>Zafiro v. United States</u>, 506 U.S. 534, 537 (1993). The presumption in favor of a joint trial is especially compelling where, as here, the acts alleged in an indictment are "unified by some substantial identity of facts or participants or arise out of a common plan or scheme," <u>United States v. Attanasio</u>, 870 F.2d 809, 815 (2d Cir. 1989) (internal quotation marks and citations omitted), or where the defendants are "charged in the same conspiracy," <u>United States v. Pirro</u>, 76 F. Supp. 2d 478, 483 (S.D.N.Y.

1999) (collecting cases). Because severance is disfavored, and because severance motions will not be fully briefed until February 1, the government respectfully requests that the Court rule on an adjournment of the trial date before resolution of the severance requests. Based on the movants' representations, exclusion of time under the Speedy Trial Act until the new trial date would be appropriate. See United States v. Astra Motor Cars, 352 F.Supp.2d 367, 369 (E.D.N.Y. 2005) ("A trial court is vested with broad discretion to grant a speedy trial exclusion when in its view the case's complexity makes it necessary you grant counsel additional time to prepare in order to ensure a fair trial.")

For the foregoing reasons, the government submits that an adjournment of the trial date to provide the defendants adequate time to prepare for trial. In addition, the government respectfully requests that the Court's decision on an adjournment be made independently from and in advance of its decision on the movants' severance motion.

The government also respectfully requests that the current pretrial motion deadlines, which were set on a compressed schedule based on an anticipated March 18 trial date, be extended. At present, the government's motion to admit enterprise and other act evidence is due on or before January 30, 2019, before the defendants' suppression and severance motions will be fully briefed and before resolution of litigation relating to the defendants' assertions of attorney-client privileges. (See DE 256.) Given the movants' concerns as to the feasibility of the March 18 trial date and because any determination as to the admissibility of evidence would necessarily inform the government's motion to admit enterprise and other act evidence, the government respectfully requests that its motion to admit enterprise and other act evidence be extended to permit time for resolution of those motions.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:     /s/
Moira Kim Penza
Tanya Hajjar
Kevin Trowel
Assistant U.S. Attorneys
(718) 254-7000

cc:   Clerk of Court (NGG) (by ECF)
      Counsel of Record (by ECF)

2