UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA

       -against-

KATHY RUSSELL,

              Defendant.

**SENTENCING MEMORANDUM**
**18-CR-204 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

This sentencing statement concerns Defendant Kathy Russell, who entered a plea of guilty on April 19, 2019 to the sole count of the superseding information, which charged her with committing visa fraud in violation of 18 U.S.C. § 1546(a). The statutory maximum custodial sentence for this crime is 10 years. There is no statutory mandatory minimum.

## I. CALCULATION OF OFFENSE LEVEL & GUIDELINES RANGE

The Probation Department recommends that I calculate the Total Offense Level for Ms. Russell's sentence as 10. (Presentence Investigation Report ("PSR") ¶ 161.) The defendant is in Criminal History Category I. Based on a Total Offense Level of 10 and a Criminal History Category I designation, the Probation Department recommends that I calculate the applicable Guidelines range as 6 to 12 months of incarceration. (*Id.* ¶ 203.) The defense agrees with this calculation. (Defendant's Sentencing Mem. (Dkt. 1128) at 19.)

The court finds that the Total Offense Level is properly calculated as 10, and that Ms. Russell belongs in Criminal History Category I. Accordingly, the court also calculates the applicable Guidelines range as 6 to 12 months in the custody of the Attorney General.

## II. SENTENCE

Having calculated the Guidelines range, I now turn to the factors outlined in 18 U.S.C. § 3553(a). Under § 3553(a), I must consider several factors in imposing a sentence, including the nature and circumstances of the offense; the defendant's history and characteristics; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need for the sentence to afford adequate deterrence; and the need to protect the public. The sentence must be sufficient, but not greater than necessary, to comply with the purposes of sentencing.

As determined by the Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005), and its progeny, the Sentencing Guidelines are merely advisory, not mandatory. Accordingly, while I must consider the applicable Guidelines range, I am free to impose a sentence that falls outside of that range in either direction, even in the absence of "extraordinary" circumstances. *See Gall v. United States*, 552 U.S. 38, 47 (2007). The only limits on the sentence I will give today are that it be no greater than the statutory maximum of 10 years, and that it be reasonable in light of the factors identified in § 3553(a).

Before turning to an analysis of the § 3553(a) factors, it is important to say a word about what I will be considering in that analysis. First, I have reviewed the parties' sentencing submissions and listened to their arguments today in court. And I want to commend counsel on both sides for their excellent work in preparing for this sentencing.

I have read each of the letters submitted in support of Ms. Russell, as well as the letter and statement written by Ms. Russell herself. And I have listened carefully to Ms. Russell's statement during today's proceeding.

I have also considered testimony adduced at co-defendant Keith Raniere's trial, to the extent it is relevant and has been proven, in my view, by a preponderance of the evidence. It is well-settled that the scope of a sentencing judge's inquiry when analyzing the § 3553(a) factors is "largely unlimited as to the kind of information [the district court] may consider, and it is free to consider evidence of uncharged crimes, dropped counts of an indictment, and criminal activity resulting in an acquittal in determining [a] sentence." *United States v. Bennet*, 839 F.3d 153, 161 n.5 (2d Cir. 2016). I am not bound by the rules of evidence that would pertain at a trial, and I am not limited to considering admissible evidence in determining an appropriate sentence. *See United States v. Chang*, 59 F. App'x 361, 363 (2d Cir. 2003). Particularly relevant here, the Second Circuit has repeatedly held that a sentencing court is entitled to rely on information "gleaned from a trial in which the person to be sentenced was neither a defendant nor represented by counsel." *United States v. Cacace*, 796 F.3d 176, 191 (2d Cir. 2015); *see also United States v. Tracy*, 12 F.3d 1186, 1203 (2d Cir. 1993).

Ms. Russell, you pleaded guilty to visa fraud, and evidence adduced in this prosecution indicates that you were involved in other conduct closely tied to criminal activity. You were involved in obtaining work visas based on materially false statements, knowing that they falsely described the work to be performed and the salary to be paid. You assisted in a scheme to hack a perceived enemy of Nxivm by distracting him as keylogging software was installed on his computer, which was then used to monitor his activity. And you were involved, indirectly, in facilitating Mr. Rainiere's access to Jane Does 2 and 4, although you were apparently unaware of certain criminal and abusive conduct toward them. For approximately 17 years, you were part of Nxivm, and, for 12 of those years, you worked as its bookkeeper.

While your co-defendants have pled guilty to more severe criminal conduct than you have, your involvement in Nxivm was not insignificant.

There are also substantial mitigating factors. When you joined Nxivm, you had already experienced physically, emotionally, and verbally abusive relationships. As described in the sentencing submissions that the court has received, you experienced abuse and neglect when you were growing up. You left behind those painful family relationships to move to Alaska, only to find yourself in abusive intimate relationships there. After that, when you joined Nxivm, you were again subject to abusive behavior, this time at the hands of Mr. Rainiere and other Nxivm members. It has been well established that Mr. Rainiere used the trauma of his victims as tools of manipulation and control, and it is clear that he and others exploited your vulnerability to keep you emotionally dependent on them. They also exploited your labor, employing you as their bookkeeper while underpaying you for your work, and causing you to feel that you were economically dependent on them as well. The court recognizes that for you, like many others, joining Nxivm was an effort to join a community, but the community that you found there turned out to be a pernicious one that mistreated vulnerable members and isolated them from those they needed most.

By renouncing Mr. Rainiere and what he stood for, you have begun the difficult work of healing from the abuse that you endured both before and during your time in Nxivm. As your counsel explained today, the 17 years you spent in Nxivm is significant in two contrasting ways. The length of time you spent there demonstrates how committed you were to Mr. Rainiere, but it also shows the extent to which Mr. Rainiere, and Nxivm, controlled your life. Understanding the true nature of his criminal conduct, of his predatory actions, and of his duplicitous teachings, while also taking ownership of the decisions that you have made, is the

first step on a difficult and nonlinear path toward healing. The court commends you for your courage in choosing this path.

Ms. Russell, you have a community now that does the opposite of what Nxivm did to you. The court has received letters of support that make it clear that you have worked hard, in the three years since your arrest, to rehabilitate your relationships and to positively impact that community. I have received letters from your son, Silas; from your sister, Kelly; and from many friends and former colleagues, some of whom have known you for a matter of years, others for decades. They speak about your love for your son and your sister, and for your enthusiasm for science, movies, and the small joys in life. Your sister describes how you supported her in her grief when she lost her partner. Your son speaks to the loss he felt when you joined Nxivm and the gratitude he has for the new relationship that you are building with him now. Your friends describe you as a caring, vulnerable person, who has historically disconnected from the relationships that could help you but who is learning to rely on those relationships now for support and encouragement. From these letters and from the information provided to the court in your sentencing submission and in court today, it is clear that you have worked hard to serve others in your community, to invest in positive relationships, and to rehabilitate yourself. This difficult work is a significant factor in the court's sentencing considerations.

### III. CONCLUSION

The court's task, at sentencing, is to sentence the defendant as he or she stands before the court, and it is the court's responsibility to weigh the § 3553(a) factors, including the nature of the criminal conduct and the purposes that a sentence may serve. I have considered the range of sentences that are available, and the range suggested by the Sentencing Guidelines. I have also considered the need to avoid unwarranted sentence disparities between you and other defendants who have been convicted of

similar conduct. I have considered my obligation to impose a sentence that is sufficient but not greater than necessary to achieve the objectives of sentencing. And I have considered my grave responsibility to show compassion and mercy to defendants who themselves have suffered, whose criminal conduct was driven by emotional and economic desperation, and who have taken responsibility for their actions and committed themselves to rehabilitation.

You have taken responsibility for your actions and you have started the difficult work of building positive, supportive relationships with your friends and family. You have moved far from Albany, and you have chosen—for the first time in many, many years—to be close to those who support you and who want the best for you. You have started a business with your son, and you write in your letter that you hope to grow that business together. It is the court's view that a term of incarceration would disrupt the rehabilitative process that you have begun, and that a downward variance from the Guidelines range is warranted in this case.

Ms. Russell, I sentence you as follows: on the sole count of the superseding information, a sentence of 24 months of probation and 200 hours of community service to be performed during the term of probation. I am not imposing a fine, as it does not appear that you have the ability to pay one. There is a mandatory $100 special assessment, payable immediately. While I am not ordering restitution at this time, I reserve the right to do so, as permitted under the relevant statutes.

I am imposing the following special conditions of probation:

- The defendant shall not attempt to contact in person, or communicate with by letter, telephone, electronic means, or through a third party, any individual with an affiliation to Executive Success Programs, Nxivm, DOS or any other Nxivm-affiliated organizations, unless previously agreed

to by the Government or granted permission in advance by the Probation Office or by this court; nor shall the defendant frequent any establishment, or other locale where these groups may meet pursuant, but not limited to, a prohibition list provided by the U.S. Probation Department, unless granted permission in advance by the Probation Office or by this court.

- If deemed necessary, the defendant shall undergo a mental health evaluation, and, if deemed necessary, participate in an outpatient mental health treatment program as approved by the Probation Department. The defendant shall contribute to the cost of such services rendered and/or any psychotropic medications prescribed to the degree she is reasonably able, and shall cooperate in securing any applicable third-party payment. The defendant shall disclose all financial information and documents to the Probation Department to assess her ability to pay.

You have the right to appeal your sentence to the United States Court of Appeals for the Second Circuit if you believe the Court has not properly sentenced you. Your time to appeal is extremely limited, so you should consult with your attorneys at once whether an appeal would be worthwhile.

Ms. Russell, you have begun the difficult work of rehabilitation. The next steps will be challenging, and you will need to continue to rely on the friends and family members who have supported you since your arrest. It is the court's hope that they will continue to support you, and that you will use your time while on probation wisely to keep rebuilding your relationships and investing in your community.

SO ORDERED.

Dated:   Brooklyn, New York
         October 6, 2021

                                                           /s/ Nicholas G. Garaufis
                                                           NICHOLAS G. GARAUFIS
                                                           United States District Judge